1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   HENRY A. JONES, Jr.,                    Case No.: 3:20-cv-00215-GPC-KSC
     CDCR #P-69574,
12                                           **ORDER:**
                                Plaintiff,
13                                            **1)  DENYING MOTION TO
     vs.                                      PROCEED IN FORMA PAUPERIS
14                                            PURSUANT TO 28 U.S.C. § 1915(g)
     HAILY, Counselor; Dr. SILVA, PCP;        [ECF No. 7]**
15   C/O's Work Change; JOHN DOE 1
     through 10,
16                                            **2)  DISMISSING COMPLAINT FOR
                                Defendants.   FAILING TO STATE A CLAIM
17                                            PURSUANT TO
                                              28 U.S.C. § 1915A(b)(1)**
18
19                                            **AND**
20
21                                            **3)  DENYING MOTION FOR
                                              PRELIMINARY INJUNCTION
22                                            [ECF No. 9]**
23
24

25       Plaintiff Henry A. Jones, Jr., currently incarcerated at Richard J. Donovan

26   Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a

27   civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims a retired correctional

28   counselor and unidentified "work change staff" at RJD violated his constitutional rights

                                            1

by failing to verify his educational history, which resulted in a work assignment that required passage through a metal detector. (*See* ECF No. 4, "Compl." at 8, 10.) Plaintiff further contends his primary care physician failed to "send [him] for outside medical treatment" in order to interrogate the functionality of his pacemaker after he walked through the metal detector. (*Id.* at 9.) Plaintiff has not paid the civil filing fee required by 28 U.S.C. § 1914(a), but instead requests leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 7). Plaintiff has also filed a motion seeking preliminary injunctive relief requiring his doctor's approval for an independent device interrogation and directing RJD inmate appeals officials to cease in the obstruction of his medical appeal. (*See* ECF Nos. 9, 11.)

Plaintiff is no longer entitled to proceed IFP pursuant to 28 U.S.C. § 1915(g) because he fails to allege imminent danger of serious physical injury at the time of filing. The Complaint also fails to state a claim upon which § 1983 relief can be granted and requires sua sponte dismissal regardless of his IFP or fee payment status, the Court lacks jurisdiction over the medical and appeals officials he seeks to enjoin, and he has not shown a likelihood of success on the merits. Therefore, the Motions to Proceed IFP and for Preliminary Injunction are **DENIED** and his Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Turner, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B.     Discussion

1.     *Imminent Danger Exception*

Plaintiff's Complaint, filed on February 7, 2020,[1] centers on his claims of having been forced to walk through a metal detector on unspecified dates in September 2019 through November 12, 2019. (*See* Compl., at 9.) He further claims Dr. Silva, his primary care physician at RJD, has since "failed to send [him] outside for medical treatment," and more specifically, to the hospital in order to have his pacemaker interrogated.[2] (*Id.* at 9–10.) However, Plaintiff admits he is "no longer forced to walk thr[ough] a metal detector," *id.* at 9, and the exhibits he attaches both to his Complaint and his Motion for Preliminary Injunction confirm that Dr. Silva issued a permanent Medical Classification on October 22, 2019 excepting him. *Id.* at 16; *see also* ECF No. 11 at 12, 16. In his Motion for Preliminary Injunction, Plaintiff further concedes that he has since been examined by nurses, and by Dr. Silva on "about 2-24-2020," in response to his requests for an outside referral to "ensure that [his] device is not shut down or damaged," but Silva assessed his need for interrogation as non-emergent. *See* ECF No. 11 at 3.

/ / /

---

[1]  Plaintiff initially submitted his Complaint to the Clerk of the Court on January 31, 2020, *see* ECF No. 1, but his pleading was stricken for non-compliance with S.D. Cal. General Order 653A, which requires IFP prisoners at RJD to e-file their complaints. *See* S. D. Cal. Gen. Order 653A, ¶¶ 1–5; ECF No. 2. On February 7, 2020, Plaintiff re-submitted his Complaint in compliance with GO 653A, and the case was re-opened. *See* ECF No. 4. Thus, even if the Court assumes Plaintiff first "brought" this civil action at the time he submitted ECF No. 1 for filing on January 31, 2020, both ECF No. 1 (his stricken Complaint) and ECF No. 4 (his re-submitted Complaint) fail to allege "imminent danger" at the time they were submitted to the Clerk. *See Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[ ] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

[2]  "People who have a permanent pacemaker will require periodic surveillance of the implanted device. The status of the pacemaker will be regularly checked or 'interrogated' (often done remotely using a telephone or a secure web-based system) to provide information regarding the type of heart rhythm, the functioning of the pacemaker leads, the frequency of utilization of the pacemaker, the battery life, and the presence of any abnormal heart rhythms." *See* https://www.uptodate.com/contents/pacemakers-beyond-the-basics (last accessed July 29, 2020).

Based on his own admissions and exhibits, the Court finds Plaintiff has failed to plausibly allege that he faced an imminent danger of serious physical injury to him at the time he filed his Complaint. *See Cervantes,* 493 F.3d at 1051-52. Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm or generalized fears of potential harm. *See id*. at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."); *Balzarini v. Lewis*, 2015 WL 2345464, *8 (E.D. Cal. May 14, 2015) (finding plaintiff's disagreement with prison medical personnel about the course or adequacy of treatment he was receiving did not establish imminent danger); *Thomas v. Ellis*, 2015 WL 859071, *3 (N.D. Cal. Feb. 26, 2015) (finding allegations showing prisoner was receiving medical treatment for his chronic pain, but that he disagreed with the type of medication the medical staff was prescribing for him was insufficient to show an imminent danger of serious physical injury); *Stephens v. Castro*, 2006 WL 1530265, *1 (E.D. Cal. May 31, 2006) (disagreement with prison personnel about course of treatment does not establish an imminent danger of serious physical injury under § 1915(g)).

### 2.    *Plaintiff's Three Strikes– Litigation History*

While Defendants typically carry the initial burden to show a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1119–20. That is the case here.

Based on the dockets in other federal court proceedings publicly available on PACER,[3] the Court finds that Plaintiff Henry A. Jones, Jr., identified as CDCR Inmate

---

[3] A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial

#P-69574, while incarcerated, has had at least five prior civil actions and/or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1)      *Jones v. David Macher, et al.*, Civil Case No. 1:05-cv-00257-OWW-SMS (E.D. Cal. April 27, 2005) (Findings and Recommendation ["F&R"] to Dismiss First Amended Complaint without leave to amend and to Dismiss Action with prejudice for Failure to State a Claim pursuant to 28 U.S.C. §§ 1915A(b), 1915(e)(2)) (ECF No. 17); (E.D. Cal. May 26, 2005) (Order Adopting F&Rs) (ECF No. 19) (strike one);

2)      *Jones v. Milligan, et al.*, Civil Case No. 1:05-cv-00307-SMS (PC) (E.D. Cal. Oct. 17, 2008) (Order Dismissing Complaint for Failure to State a Cognizable Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) (ECF No. 40) (strike two);

3)      *Jones v. Judge Dean D. Pregerson, et al.*, Civil Case No. 2:15-cv-06797-MWF-PLA (C.D. Cal., West. Div., Dec. 4, 2015) (Order denying request to proceed IFP and dismissing case for lack of jurisdiction, and as frivolous, malicious or for failing to state a claim upon which relief may be granted) (ECF No. 10) (strike three);

4)      *Jones v. Dean D. Pregerson, et al.*, Civil Case No. 2:16-cv-00409-TJH-MRW (C.D. Cal., West. Div., Nov. 19, 2014) (Order denying request to proceed IFP and dismissing case as frivolous, malicious or for failing to state a claim upon which relief may be granted and for seeking monetary relief from a defendant immune from such relief) (ECF No. 12) (strike four); and

5)      *Jones v. Dean D. Pregerson, et al.*, Ninth Cir. Ct. Appeal Case No. 16-56839 (June 13, 2017) (Order denying appellant's motion to proceed IFP and dismissing appeal "as frivolous, pursuant to 28 U.S.C. § 1915(e)(2).") (Dkt. No. 9) (strike five).

/ / /

---

system, if those proceedings have a direct relation to matters at issue.'" *Bias*, 508 F.3d at 1225 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, because Plaintiff has, while incarcerated, accumulated more than three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding *in forma pauperis* in this action.[4]

Accordingly, his Motion to Proceed IFP (ECF No. 7) is **DENIED**. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II.    Screening pursuant to 28 U.S.C. § 1915A

### A.    Standard of Review

Regardless of his IFP status, and even if the Court were to find Plaintiff's claims sufficient to meet § 1915(g)'s exception for imminent harm, however, he was and remains a prisoner at the time he filed this action. Section 1915A of Title 28 of the U.S. Code "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "On review, the court shall … dismiss the complaint, or any portion of the complaint," if it

---

[4] Plaintiff has since also been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in the Central District of California. *See e.g., Jones v. Dept. of Corr. & Rehab., et al.*, Civil Case No. 2:18-cv-03534-DDP-SS (C.D. Cal. May 2, 2018) (Minute Order denying request for leave to proceed IFP, noting that "Plaintiff has three or more PLRA 'strikes,' See CV 16–2698–DDP–SS at Dkt. 5," and finding Plaintiff has not "plausibly alleged that he [was] under imminent danger of physical harm," based on allegations of "chronic and severe insomnia," hallucinations, paranoia, erectile dysfunction, urinary pressure, and discontinued "heart medications.") (ECF No. 4 at 1–2).

1
2
3
4
5
6
7

"(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corrections*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).[5]

8
9
10
11
12
13
14
15
16
17
18
19
20

Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

21

B.   Plaintiff's Allegations

22
23
24
25
26

Plaintiff alleges that Defendant Haily, a correctional counselor, "placed [him] in school," even though he already had a high school diploma. (*See* Compl., ECF No. 4 at 8.) Plaintiff contends this threatened his safety because when he reported to his assignment he "noticed a me[t]al detector." (*Id.*) When he alerted Defendants John Doe 1

27
28

---

[5] A similar screening would be required even if Plaintiff were entitled to proceed IFP. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

& 2, correctional officers on the "work change staff," and an unidentified sergeant, that he had a pacemaker and should not pass through the metal detector, however, they warned Plaintiff he could be subject to disciplinary action if he refused. So he complied. (*Id.*)

On or about August 16, 2019, Plaintiff claims he returned to counselor Haily and "asked to be removed from [his] education" assignment, but Haily "fail[ed] to check" and said he found "nothing in [Plaintiff's] file" to support his request. (*Id.*)

On October 17, 2019, Plaintiff notified Defendant Silva, his primary care physician, that he had been "forced for several weeks to walk thr[ough] a me[t]al detector." "[A]t that time," Dr. Silva issued a medical chrono informing custody staff that he was exempt. (*Id.*)

Plaintiff now claims Haily and the unidentified Does threatened his safety by subjecting him to the metal detector from September 1, 2019 until November 12, 2019, and Dr. Silva acted with deliberate indifference to his medical needs afterward by failing to send him to a hospital outside the prison in order to interrogate his device. (*Id.* at 8–10.) He seeks immediate injunctive relief requiring that interrogation, as well as $70,000 in general and punitive damages from each Defendant. (*Id.* at 11, 13; *see also* ECF No. 9 at 1–2.)

### C.    Eighth Amendment Claims

Threats to both Plaintiff's safety and health are subject to the Eighth Amendment's demanding deliberate indifference standard. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016). "A prison official acts with 'deliberate indifference ... only if the [official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016)). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,'

9

but that person 'must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837).

With respect to Plaintiff's claims of having been subject to danger as a result of Defendant Haily's decision to clear him for an educational assignment and John Doe 1 & 2's demand that he pass through a metal detector under threats of discipline should he fail to report, the Court finds he has failed to allege facts sufficient to plausibly show deliberate indifference. The "Eighth Amendment is implicated in the prison work context ... when a prisoner employee alleges that a prison official compelled him to 'perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain.'" *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam) (alterations in original)). Here, even if the Court assumes the metal detector posed a substantial risk to Plaintiff's health or safety, *see e.g., Price v. Ryan*, No. CV-18-02322-PHX-DGC (DMF), 2020 WL 805482, at *4 (D. Ariz. Feb. 18, 2020) (noting that "there appears to be some question among medical authorities whether metal detectors may cause harm to persons with pacemakers."), his Complaint alleges no facts to suggest Haily or John Doe 1 & 2 knew and consciously disregarded a known or obvious danger. *See Farmer*, 511 U.S. at 844 ("[P]rison officials who lacked knowledge of a risk cannot be said to have inflicted punishment."). Instead, Plaintiff admits the work change officers informed him he had the option of "refusing school" if he was unwilling to comply, and "nothing in [his] file" at the time indicated to either them or Defendant Haily that Plaintiff was medically excused until he notified Dr. Silva, who then "gave [him] a chrono [to] inform [the] custody [officers]." *See* Compl. at 8; *Farmer*, 511 U.S. at 844 (noting no deliberate indifference in cases involving defendants who "did not know of the underlying facts indicating a sufficiently substantial danger," or in those involving defendants who "knew the underlying facts but believed (albeit unsoundly) that the risk … was insubstantial or nonexistent."). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under [the Supreme Court's] cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

To the extent Plaintiff acknowledges Dr. Silva placed a medical chrono in his file on or about October 17, 2019, after he reported being subject to the metal detector, but denied his requests for an "outside medical" interrogation of his pacemaker afterward, *see* Compl. at 8, 9,  he also fails to allege facts sufficient to plausibly support a claim of deliberate indifference.

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Toguchi*, 391 F.3d at 1057. And differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. *Id.* at 1058; *Hamby*, 821 F.3d at 1092 (citation omitted). Instead, Plaintiff must plead facts sufficient to "show that the course of treatment [his] doctor[] chose was medically unacceptable under the circumstances and that the defendant[] chose this course in conscious disregard of an excessive risk to [his] health." *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir.2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc); *Hamby*, 821 F.3d at 1092. This he has failed to do.  A prisoner has no constitutional right to outside medial care to supplement the prison's care even where he is willing to pay for that treatment. *See Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986).

For these reasons, the Court **DISMISSES** Plaintiff's Complaint sua sponte for failing to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915A(b)(1); *Olivas*, 856 F.3d at 1283.

### III.    Motion for Preliminary Injunction

Finally, Plaintiff seeks a preliminary injunction requiring Dr. Silva to interrogate his pacemaker, and RJD appeals coordinators to cease their "obstruction" of his medical appeals. *See* ECF No. 9 at 2; ECF No. 11 at 1–2.

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)

3:20-cv-00215-GPC-KSC

(noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234–35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727–28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Substantively, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736–37 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Here, Plaintiff's Complaint has yet to be served upon any of the Defendants he seeks to enjoin.[6] *See* Fed. R. Civ. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727–28. A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication.") (citation and internal

---

[6] To the extent Plaintiff seeks injunctive relief requiring RJD appeals officials to process his medical appeals on an "emergency" basis, his Complaint does not even name them as parties. *See* Fed. R. Civ. P. 65(d)(2); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (finding error where court entered an injunction against a nonparty); *Zepeda*, 753 F.2d at 727.

quotation omitted).

Moreover, for the reasons discussed on Section II of this Order, the Court has found Plaintiff's Complaint fails to state any claim upon which § 1983 relief can be granted and has dismissed it pursuant to § 1915A(b). Therefore, he has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits. *See Pimental v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate a fair chance of success on the merits….") (internal quotation marks and citation omitted); *see also Williams v. Duffy, et al.,* Civil Case No. 18-cv-06921-BLF, 2019 WL 95924, at *3 (N.D. Cal. Jan. 3, 2019) ("[Having reached th[e] conclusion [that Plaintiff's complaint failed to state a claim], the Court need not reach the remainder of the *Winter* factors."); *Asberry v. Beard*, Civil Case No. 3:13-cv-2573-WQH JLB, 2014 WL 3943459, at *9 (S.D. Cal. Aug. 12, 2014) (denying prisoner's motion for preliminary injunction because his complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and therefore he had not shown he was "likely to succeed on the merits" of any claim, that "the balance of equities tip[ped] in his favor," or the issuance of an injunction would serve the public interest (citing *Winter*, 555 U.S. at 20)).

Finally, Plaintiff has not, and cannot yet demonstrate he is or will be subject to immediate and irreparable harm if an injunction does not issue. Plaintiff claims generally that his life is in danger because appeals officials are obstructing his efforts to "hav[e] [his] device interrogated," *see* ECF No. 11 at 2, but he does not allege to have suffered any actual harm to his pacemaker as a result of his exposure to the metal detector, and he admits having since been examined both by nurses and Dr. Silva, who concluded his need for such testing was "not an emergency." *See* ECF No. 9 at 1–2; ECF No. 11 at 3. *See Alliance for the Wild Rockies*, 632 F.3d at 1131 ("Under *Winter*, plaintiff[] must establish that irreparable harm is likely, not just possible."); *Goldie's Bookstore, Inc. v. Superior Court of State of Cal*., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."); *Rigsby v. State*, No. CV 11-1696-PHX-DGC, 2013 WL

1283778, at *5 (D. Ariz. Mar. 28, 2013) (denying prisoner's TRO based on fear of potential future injury based on past assaults); *Chappell v. Stankorb*, No. 1:11-CV-01425-LJO, 2012 WL 1413889, at *2 (E.D. Cal. Apr. 23, 2012) (denying injunctive relief where prisoner's claims of injury based on current or future housing decisions were nothing "more than speculative."), *report and recommendation adopted*, No. 1:11-CV-01425-LJO, 2012 WL 2839816 (E.D. Cal. July 9, 2012). A presently existing actual threat must be shown, even though injury need not be certain to occur. *See Zenith Radio Corp. v. Hazeltine Research, Inc*., 395 U.S. 100, 130-31 (1969); *FDIC v. Garner*, 125 F.3d 1272, 1279-80 (9th Cir. 1997); *Caribbean Marine*, 844 F.2d at 674. To meet Fed. R. Civ. P. 65's "irreparable injury" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). This requires he allege "specific facts in an affidavits or a verified complaint [which] clearly show" a credible threat of "immediate and irreparable injury, loss or damage." Fed R. Civ. P. 65(b)(A). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Id.* at 674-75.

Thus, because the Court lacks jurisdiction over the persons Plaintiff seeks to enjoin, he has not shown a likelihood of success on the merits, and he alleges only speculative allegations of harm, the Court **DENIES** his Motion for a Preliminary Injunction (ECF No. 9).  *See Dymo Indus. v. Tapeprinter, Inc.,* 326 F.2d 141, 143 (9th Cir. 1964) ("The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it.").

**IV.    Conclusion and Orders**

For the reasons discussed, the Court:

1)    **DENIES** Plaintiff's Motion to Proceed In Form Pauperis (ECF No. 7) as barred by 28 U.S.C. § 1915(g);

2)    **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1);

1    3)      **DENIES** Plaintiff's Motion for Preliminary Injunction (ECF No. 9);

2    4)      **DISMISSES** this civil action without prejudice for failing to prepay the

3  $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

4    5)      **CERTIFIES** that an IFP appeal from this Order would not be taken in good

5  faith pursuant to 28 U.S.C. § 1915(a)(3); and

6    6)      **DIRECTS** the Clerk of the Court to close the file.

7  Dated:  August 14, 2020

8                                              Hon. Gonzalo P. Curiel
9                                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28